JAMES M. COX, DALLAS MULLINS, AND WALTER ROBERTS v. STATE OF NORTH CAROLINA, EX REL., JAMES A SUMMERS, SECRETARY, NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT

No. 8517SC959

(Filed 1 July 1986)

1. **Waters and Watercourses § 3.2— Sedimentation Pollution Control Act— land-disturbing activities before date of regulation**

   15 N.C. Ad. Code 4B.0013 requires the installation of erosion and sedimentation control measures irrespective of whether the land-disturbing activity occurred before or after the effective date of the regulation, 1 February 1976.

2. **Waters and Watercourses § 3.2— Sedimentation Pollution Control Act—owners of roads as "landowners"**

   The developers of a subdivision who still own the roadways over which lot owners have an easement are "landowners" within the meaning of 15 N.C. Ad. Code 4B.0013 who may be held responsible under the Sedimentation Pollution Control Act for permanent erosion and sediment control measures in the roadways.

APPEAL by the State from *Morgan, Judge.* Order entered 5 June 1985 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 4 February 1986.

*Attorney General Lacy H. Thornburg by Assistant Attorney General Walter M. Smith for the North Carolina Department of Natural Resources and Community Development, appellant.*

*McLeod, Campbell, Wilkins & McLeod, by F. B. Wilkins, Jr., for appellees.*

COZORT, Judge.

The issue presented by this appeal is whether state statutes and regulations provide that the developers of land, who still own the roadway over which lot owners have an easement, are responsible for permanent erosion and sediment control measures in that roadway. The land-disturbing activity of the developers in developing the land occurred before the effective date of the

regulations in question under which the State is attempting to hold the developers responsible. We hold that the State can hold responsible the developers who still own the roadway, and the trial court erred in ruling otherwise.

The facts are largely undisputed. In 1973, the plaintiffs developed a subdivision in Rockingham County. The roads were graded and lots were sold. The boundary lines of the lots extend to the edge of the road and ditch lines and do not extend to the center of the roads. By 15 September 1974, all lots in the subdivision had been sold. The streets and roads shown on the recorded plats of the subdivision were constructed and opened by the plaintiffs on 26 September 1973, and have been used continuously since that date by owners of the lots located in the subdivision and the public. The plaintiffs offered to dedicate the roads to public use but the offer of dedication has never been accepted by any governmental agency. There has not been an out conveyance of any portion of the roads.

On 6 January 1984, personnel of the North Carolina Department of Natural Resources and Community Development (hereinafter "NRCD") inspected the subdivision and determined that the roads and ditches were experiencing accelerated erosion and off-site damage from sedimentation in violation of the Sedimentation Pollution Control Act of 1973 (G.S. 113A-50, *et seq.*) (hereinafter "the Act"), and regulations promulgated pursuant to the Act by the Sedimentation Pollution Control Commission, the NRCD agency responsible for enforcement of the Act. On 19 January 1984, NRCD issued to plaintiffs written notice to comply with the Act.

On 1 February 1984, plaintiffs filed this action to enjoin NRCD from enforcing the Act against them and for a ruling that they are not "landowners" of the roads and ditch lines within the meaning of the Commission's regulations. On 28 March 1984, the Honorable Edward K. Washington entered partial summary judgment in favor of the defendant, finding that plaintiffs are landowners of the subject property within the meaning of the Commission's regulations. Judge Washington continued further proceedings until the plaintiffs were afforded a hearing before the Commission on the issue of whether the subject property was existing in violation of the terms of the Act and regulations promulgated thereunder. On 3 May 1984, a hearing was held before a

departmental hearing officer. On 5 December 1984, the Full Commission adopted the hearing officer's revised proposed findings of fact, conclusions of law, and recommendation, finding that the subject property exists in violation of the terms of the Act and that plaintiffs are "landowners" responsible for maintaining erosion control measures on the property.

Plaintiffs appealed to superior court for judicial review of the Commission's decision. On 5 June 1985, the Honorable Melzer Morgan, Jr., reversed the Commission's decision. The superior court concluded that "[t]he developers [plaintiffs] here now have so little interest and control of the streets in this subdivision that they may not be held to be the landowners for the purposes of the pertinent section of the administrative regulations on sediment control." The superior court also concluded that "even if the petitioners, as owners of the underlying fee in the subdivision roads, be determined to be 'landowners' under 15 NCAC 4B .0013, that section refers, not to acreas [*sic*] which were uncovered on the effective date of that regulation, but rather 15 NCAC 4B .0013 refers to land disturbing activities occurring after February 1, 1976." Defendant's exceptions to these two conclusions form the basis of its appeal and present for our determination whether plaintiffs as owners in fee simple of the subdivision roads, the lands in question, come within the purview of 15 N.C. Ad. Code 4B.0013.

[1] This appeal presents two questions: (1) Does 15 N.C. Ad. Code 4B.0013 require the installation and maintenance of certain erosion and sedimentation control measures irrespective of whether the land-disturbing activity occurred before or after 1 February 1976, the effective date of the regulation?; (2) If so, are plaintiffs "landowners" within the meaning of 15 N.C. Ad. Code 4B.0013?

The regulation in question, 15 N.C. Ad. Code 4B.0013, reads as follows:

.0013 RESPONSIBILITY FOR MAINTENANCE

During the development of a site, the person conducting the land-disturbing activity shall install and maintain all temporary and permanent erosion and sedimentation control measures as required by the approved plan or any provision

of the Act, these Regulations, or any order or local ordinance adopted pursuant to the Act. After site development, the landowner or person in possession or control of the land shall install and/or maintain all necessary permanent erosion and sediment control measures, except those measures installed within a road or street right of way or easement accepted for maintenance by a governmental agency. (Emphasis added.)

NRCD maintains that the underlined portion of this regulation applies to land-disturbing activities irrespective of when they occurred and makes plaintiffs "landowners" responsible for installation and maintenance of all erosion and sediment control measures along the roads. On the other hand, plaintiffs contend that regulation .0013 is not applicable to this case, and that, nevertheless, they are not "landowners" within the regulation's meaning. We agree with NRCD.

The purpose of the Act, G.S. 113A-50, *et seq.*, is to control erosion and sedimentation, rather than only land-disturbing activities. *Lee v. Penland-Bailey Co., Inc.*, 50 N.C. App. 498, 274 S.E. 2d 348 (1981). Under the terms of the Act the Commission is empowered and has a duty to promulgate regulations "for the control of erosion and sedimentation resulting from land-disturbing activities." G.S. 113A-54(b). To accomplish the purpose of the Act, the Act and the regulations enacted pursuant to it may be applied to land-disturbing activities which occurred before the Act and regulations became effective. *Lee v. Penland-Bailey Co., Inc.,* *supra.*

The superior court concluded that "15 NCAC 4B .0013 . . . refers, not to acreas [*sic*] which were uncovered on the effective date of that regulation, but rather 15 NCAC 4B .0013 refers to land disturbing activities occurring after February 1, 1976." This interpretation focuses on land-disturbing activities rather than erosion control. As such, this interpretation misconstrues the language of the regulation and the avowed purpose of the Act and its regulations: to control erosion and sedimentation, rather than only land-disturbing activities. The second sentence of 15 N.C. Ad. Code 4B.0013 requires permanent erosion and sediment control measures to be installed or maintained, or both, after site development, irrespective of whether the land-disturbing activity oc-

curred before or after the adoption of the regulation: "After site development, the land owner or person in possession or control of the land shall install and/or maintain all necessary permanent erosion and sediment control measures, [with one exception not applicable here]."

To adopt the superior court's interpretation of the second sentence of 15 N.C. Ad. Code 4B.0013 would effectively·eliminate from regulation all erosion in progress prior to the effective date of the regulation and continuing thereafter. Such an interpretation would fly directly in the face of the declared policy of the legislation. We find nothing in the express language of 15 N.C. Ad. Code 4B.0013 which limits its application *only* to erosion occurring after the regulation's enactment.

[2]   Having determined that the second sentence of 15 N.C. Ad. Code 4B.0013 requires the installation and maintenance of certain erosion and sedimentation control measures irrespective of when the land-disturbing activity occurred, we now turn to whether plaintiffs are landowners within the meaning of 15 N.C. Ad. Code 4B.0013.

Under 15 N.C. Ad. Code 4B.0013, after site development, the responsibility for installation and/or maintenance of erosion and sedimentation control measures, is placed upon the "land owner or person in possession or control of the land." Here we are only concerned with the meaning of "landowner." "Landowner" is not defined by the Act or the Commission's regulations. Giving "landowner" its common, ordinary, everyday meaning (*see Abernethy v. Board of Comm'rs*, 169 N.C. 631, 86 S.E. 577 (1915) ), "landowner" means "an owner of land." Webster's Third New World International Dictionary (1968). Plaintiffs, as owners in fee simple of the subject roads, are certainly landowners within the meaning of 15 N.C. Ad. Code 4B.0013. As landowners they may be held responsible for the erosion control of their land. Plaintiffs' dedication of the roads to the purchasers of the lots does not relieve them from complying with the Commission's regulations. Plaintiffs are still the landowners within the meaning of 15 N.C. Ad. Code 4B.0013. This interpretation is not an unduly harsh result because plaintiffs conducted the land-disturbing activities, the building of the subdivision roads, for their economic benefit.

In sum, the Commission correctly held the plaintiffs, as landowners, responsible for the sedimentation and erosion control, and the superior court erred in reversing the decision of the Commission.

Reversed.

Judges WELLS and WHICHARD concur.